FRANK L. WEIL, Plaintiff, *v.* HARRY ARONSOHN and Others, Defendants.

Supreme Court, New York County, October 21, 1932.

*Weil, Gotshal & Manges,* for the plaintiff.

*Wellman & Smyth,* for the defendants.

SHIENTAG, J. Motion for summary judgment. The defendant seeks to create an issue by alleging that she did not receive notice of dishonor in due time. The question in reality is one of law and not one of fact. The note fell due on Friday, May twenty-seventh, and on that day it was duly presented and dishonored. Section 174 of the Negotiable Instruments Law provides that if the notice is sent by mail to the indorser " it must be deposited in the post office in time to reach him in usual course on the day following." The notary's certificate shows the mailing of the notice before ten A. M. on May twenty-eighth, and the envelope is postmarked Grand Central Station branch of the New York Post Office, eleven A. M. May twenty-eighth. The postmaster certifies, and it must be conceded, that had May twenty-eighth not been a half-holiday, the letter in the ordinary course of mail would have reached the indorser the same day, she then residing at 112 Central Park South. In the instant case the letter containing the notice of protest did not reach the indorser until Tuesday, the thirty-first. The explanation is clear. The Post Office practice is as follows: " A letter postmarked Grand Central Annex May 28th 11 A. M. directed to 112 Central Park South, New York, New York, would be dispatched to Station G, from which mail directed to the given address is delivered at about 11:50 A. M. May 28th was a Saturday and the letter could not connect with the last delivery trip scheduled to leave at 10 A. M." The day following was Sunday and Monday was Memorial Day. During those days, delivery could, of course, not be effected and, in view of the intervening holidays, the letter could not have been delivered to the indorser before Tuesday morning, May thirty-first, at which time it was delivered to her. There was a sufficient compliance with the provisions of section 174 when the notice was deposited in the mail on the morning of May twenty-eighth. In the usual course it would have been delivered that same day. The holder of the note under the circumstances of this case was not called upon to acquaint himself with the practice of the Post Office department in curtailing the number of deliveries on a half holiday.

The motion for summary judgment is accordingly granted. Execution stayed five days. Settle order.